IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KIMBERLY TURNER,**

              Plaintiff,

    v.

**GRAND AERIE FRATERNAL
ORDER OF EAGLES,**

              Defendant.

No. 3:13-cv-01976-MO

OPINION AND ORDER

**MOSMAN, J.**,

      On November 6, 2013, Defendant Grand Aerie Fraternal Order of Eagles ("Grand Aerie") filed a notice of removal [1], invoking this Court's diversity jurisdiction over Plaintiff Kimberly Turner's claim for intentional interference with economic relations. Nonparty Fraternal Order of Eagles Gresham Aerie # 2151 ("Gresham Aerie") then filed a motion to intervene [21] in order to pursue an indemnity claim against Grand Aerie. Because I find that this Court lacks subject matter jurisdiction over Gresham Aerie's indemnity claim, I DENY the motion to intervene.

**BACKGROUND**

Ms. Turner previously worked for Gresham Aerie as a bartender and server. (Pl.'s Resp. [10] at 2.) Her father also worked for Gresham Aerie as a secretary and Club Manager. *Id.* Ms. Turner alleges that on September 26, 2011, she and her father were fired from their jobs with Gresham Aerie at the direction of Mr. William Stotko, a representative of Grand Aerie. *Id.* Ms. Turner then filed a number of state-law tort claims against Gresham Aerie in Multnomah County Circuit Court. (Mot. Intervene Mem. Supp. [23] at 2.) On February 28, 2013, Gresham Aerie settled the suit for $17,500. *Id.* Ms. Turner then filed suit against Grand Aerie and Mr. Stotko, claiming intentional interference with economic relations and seeking $450,000 in damages. (Notice of Removal [1] ¶¶ 1–2, 5.) Seeking to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, Grand Aerie filed a notice of removal as required by 28 U.S.C. § 1446(a)–(d). *Id.* ¶¶ 5–7.

On January 31, 2014, Gresham Aerie moved to intervene [21] under Fed. R. Civ. P. 24(a), seeking to assert an indemnity claim against Grand Aerie. Gresham Aerie argues that it has a right to intervene as plaintiff because the existing parties cannot adequately represent Gresham Aerie's significantly protectable interest. (Mot. Intervene Mem. Supp. [23] at 4–6.) Ms. Turner filed a response opposing the motion, as did Grand Aerie. (Pl.'s Resp. [24]; Def.'s Resp. [26].) Gresham Aerie filed a reply to each response (Reply [28, 31].) Because this Court lacks subject matter jurisdiction over Gresham Aerie's proposed complaint, I decline to reach the question of whether Gresham Aerie has a right to intervene under Fed. R. Civ. P. 24(a).

**DISCUSSION**

Federal Rule of Civil Procedure 24(a)[1] gives nonparties a right to intervene in federal litigation. A nonparty movant seeking to intervene under Rule 24(a) must timely file a motion to intervene, serve notice on the parties, and provide "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). A court applies a four-part test to determine whether intervention is warranted:

> (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993), *abrogated by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). That is not the end of the inquiry, however. An antecedent consideration is the federal court's subject matter jurisdiction. The federal courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Congress has provided the district courts with original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, the district courts may provide a neutral forum for civil actions between citizens of different states, between U.S. and foreign citizens, or between U.S. citizens and foreign states. 28 U.S.C. § 1332. Original jurisdiction only extends to those "diversity" cases in which the amount in controversy exceeds $75,000. § 1332(a).

---

[1] Rule 24(a) provides that a court must allow a non-party to intervene when, inter alia, the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

In some instances, however, the district courts may entertain claims that neither arise under the Constitution or federal law nor invoke the district court's diversity jurisdiction. 28 U.S.C. § 1367. The exercise of "supplemental jurisdiction" is proper where the district court already possesses original jurisdiction over some claims in the action and the additional claims are part of the same Article III "case or controversy." *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Important for our purposes, "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." § 1367(a).

Gresham Aerie seeks to intervene under Fed. R. Civ. P. 24(a) in order to assert a common law indemnity claim against Grand Aerie. A common law indemnity claim does not arise under the Constitution or federal law. *See* 28 U.S.C. § 1331. Thus, Gresham Aerie must show that this Court possesses diversity jurisdiction under 28 U.S.C. § 1332 or supplemental jurisdiction under 28 U.S.C. § 1367. Because Gresham Aerie fails to make that showing, this Court lacks jurisdiction over the indemnity claim and must deny the motion to intervene.

## I.    <u>Diversity Jurisdiction</u>

The district courts' diversity jurisdiction is meant to provide a neutral forum to parties from different states, in order to avoid state-court favoritism to home-state litigants. *Exxon Mobil Corp. v. Allapattah Serv.*, 545 U.S. 546, 553–54 (2005). Although not required by the text of § 1332(a) or the Constitution, *see id.* at 553, the Court has consistently held that diversity jurisdiction requires complete diversity, and the presence of non-diverse parties on each side of a dispute destroys the federal court's original diversity jurisdiction. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998); *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). Here, Gresham Aerie is a citizen of Oregon, while Grand Aerie, a nonprofit corporation, is incorporated in Washington and has its principal place of business in

Ohio. (Stine Decl. [2] ¶ 2.) Thus, Gresham Aerie's intervention as a plaintiff will not destroy the complete diversity of the parties.

Complete diversity is not sufficient, as § 1332(a) imposes an additional requirement. In order to "ensure that diversity jurisdiction does not flood the federal courts with minor disputes," the matter in controversy must exceed $75,000. *Exxon Mobil Corp.*, 545 U.S. at 552 (citing 28 U.S.C. § 1332(a)). Absent the requisite amount in controversy, the district court lacks jurisdiction under § 1332. *See Urbino v. Orkin Serv. of California, Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013). In our case, Gresham Aerie seeks at least $17,500 from Grand Aerie, representing damages, attorney fees, and costs. (Mot. Intervene [21] at 6.) Whether the courts may consider attorney fees and costs for purposes of determining the amount in controversy depends on the underlying cause of action. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds by Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 925 (9th Cir. 2013). When an underlying statute authorizes an award of attorney fees, "such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). However, "when there is no direct legal authority for an attorney's fee, a request for a fee cannot be included in . . . the jurisdictional amount." *Id.* at 1155 (quoting 14A C. Wright & A. Miller, *Federal Practice and Procedure*, § 3712, at 178 (1985)). Gresham Aerie seeks to bring a common law indemnity claim against Grand Aerie. Oregon statutory law does not provide for an award of attorney fees in common law indemnity actions. *See* Or. Rev. Stat. § 31.800 (providing a right of contribution for joint tortfeasors to recover amount in excess of proportional share of common liability, and preserving the right of indemnity as recognized under existing law). Thus, Gresham Aerie cannot include attorney fees and costs with its damages claim to meet the amount-in-controversy requirement.

Ms. Turner's lawsuit against Gresham Aerie was settled for $17,500. (Mot. Intervene Mem. Supp. [23] at 2.) If Gresham Aerie successfully litigates its indemnity claim, Grand Aerie will be liable to Gresham Aerie for $17,500. *See* BLACK'S LAW DICTIONARY 837 (9th ed. 2009) (indemnity is "[a] duty to make good any loss, damage, or liability incurred by another[,]" or "[t]he right of an injured party to claim reimbursement for its loss, damage, or liability from a person who has such a duty." ). Absent inclusion of attorney fees and costs, Gresham Aerie's damages cannot meet the $75,000 amount-in-controversy requirement, and this Court lacks diversity jurisdiction under § 1332.

## II.   Supplemental Jurisdiction

Once a district court possesses original jurisdiction over some claims in an action, the court may choose to exercise supplemental jurisdiction over additional claims that derive from the same Article III case or controversy. *See Exxon Mobil Corp.*, 545 U.S. at 558. Further, "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). However, § 1367(b) makes an exception for claims brought by movants seeking to intervene as plaintiffs under Rule 24, "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). The text of § 1367(b) clearly deprives the district courts of jurisdiction over claims brought by movants seeking to intervene as plaintiffs under Rule 24, when asserting supplemental jurisdiction over such claims would be inconsistent with § 1332. *Exxon Mobil Corp.*, 545 U.S. at 560.[2] Here, Gresham Aerie seeks to join as plaintiff under Rule 24, but proposes to bring an indemnity claim inconsistent with the jurisdictional

---

[2] *Exxon Mobil Corp.* held that the district courts *could* exercise supplemental jurisdiction over claims brought by plaintiffs permissively joined under Rule 20 or certified as class-action members under Rule 23, even when those claims fail to meet the amount-in-controversy requirement, because the text of § 1367(b) does not exclude such claims. *Id.*

requirements set out in § 1332. Thus, this Court lacks supplemental jurisdiction over Gresham

Aerie's indemnity claim under § 1367(b).

## CONCLUSION

For the foregoing reasons, Gresham Aerie's Motion to Intervene [21] is DENIED.

IT IS SO ORDERED.

DATED this 24th day of March, 2014.

/s/Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

7 – OPINION AND ORDER